UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERNANDO OLIVEIRA and CHRISTIAN ESPINOZA, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>  -against-<br><br><br>VALI INDUSTRIES, INC., STANDARD EQUIPMENT CORP., and VINCENT A. ALI,<br><br>        Defendants. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br>**Collective Action and Class Action Complaint** |

Plaintiffs FERNANDO OLIVEIRA ("Oliveira") and CHRISTIAN ESPINOZA ("Espinoza") individually and on behalf of other similarly situated employees by and through their attorneys, FISHER TAUBENFELD LLP, allege against Defendants VALI INDUSTRIES, INC. ("Vali"), STANDARD EQUIPMENT CORP. ("Standard") (collectively, the "Corporate Defendants"), and VINCENT A. ALI ("Ali" or the "Individual Defendant") (the Corporate Defendants and Individual Defendant are collectively "Defendants") as follows:

<u>**JURISDICTION AND VENUE**</u>

1.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

**THE PARTIES**

3.      Upon information and belief, Defendant Vali is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 285 Lombardy Street, Brooklyn, NY 11222.

4.      Upon information and belief, Defendant Standard is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 285 Lombardy Street, Brooklyn, NY 11222

5.      Upon information and belief, at all times relevant hereto, the Corporate Defendants have been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

6.      Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

7.      Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

8.      At all relevant times hereto, Plaintiffs were engaged in interstate "commerce" within the meaning of the FLSA.

9.      Upon information and belief, Defendant Ali resides in the State of New York and is an owner, manager and/or employee of the Corporate Defendants.

10.     The Corporate Defendants provide constructions services in the City of New York and its environs.

11.     The Corporate Defendants serve as utility contractors whose primary client is Consolidated Edison ("Con Edison").

12.     The Corporate Defendants operate out of the same location, exchange employees, including Plaintiff Espinoza, as well as tools, equipment and materials, implement the same unlawful payroll practices, are managed by the same individuals, and upon information and belief share common ownership.

13.     Defendant Ali is the principal and an officer of Vali.

14.     Upon information and belief, Defendant Ali is the principal and an officer of Standard.

15.     Defendant Ali possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

16.     Defendant Ali approves the payroll practices for the Corporate Defendants' employees, including Plaintiffs.

17.     Defendant Ali possesses operational control over the Corporate Defendants and their employees through his financial control over the Corporate Defendants.

18.     Plaintiffs have been employed by Defendants to work as constructions workers within the last six (6) years.

19.     Defendant Ali is engaged in business in the City of New York, County of Kings.  He is sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendants.

20.     Defendant Ali exercises sufficient operational control over the Corporate Defendants' operations to be considered Plaintiffs' employer under FLSA and New York State Labor Law ("NYLL").

21.   At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

22.     Plaintiffs bring this action on behalf of (a) themselves and other similarly situated employees who have worked for the Defendants on or after the date that is three (3) years before the filing of this Complaint pursuant to the FLSA; and (b) themselves and other similarly situated employees on or after the date that is six (6) years before the filing of this Complaint pursuant to the NYLL and the New York Commissioner of Labor's Wage Orders codified at 12 N.Y.C.R.R. 142 *et seq.*, based upon the following acts and/or omissions:

   i.   Defendants' failure to compensate Plaintiffs for all hours worked at their regular rate as required by federal and state law and regulations;

   ii.  Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiffs, who worked in excess of forty (40) hours per week;

   iii. Defendants' failure to provide Plaintiffs with proper paystubs for all weeks worked as required by NYLL § 195; and

   iv.  Defendants' failure to pay prevailing wages and benefits for work on projects requiring such payments.

23.     Plaintiff Oliveira also asserts a claim for tortious interference with at-will employment.

## FACT ALLEGATIONS

**i.** **Defendants' Wage and Hour Violations.**

24.    At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiffs has been and continues to be economically injured.

25.    Defendants have maintained a policy and practice to not pay Plaintiffs and other similarly situated employees in accordance with federal and New York State law.

26.    Defendants have maintained a policy and practice of failing to compensate Plaintiffs and other similarly situated employees for every hour they have worked.

27.    Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiffs and other similarly situated employees who worked in excess of forty (40) hours per week.

28.    Defendants have maintained a policy and practice of failing to provide Plaintiffs with the proper prevailing wages and benefits for all regular and overtime hours they worked on projects.

29.    Defendants have maintained a policy and practice of failing to provide Plaintiffs and other similarly situated employees with proper paystubs for each week worked.

### A. **Plaintiff Oliveira's Schedule and Pay.**

30.    Plaintiff Oliveira worked for Defendants as a working foreman from approximately February 2010 until July 8, 2016.

31.    Plaintiff Oliveira worked Monday through Friday and also regularly worked Saturday and Sunday.

32.     Plaintiff Oliveira arrived at the Corporate Defendants' company yard at 6:00 a.m. where he would prepare tools and materials for the day and then would drive other employees to the job site.

33.     Plaintiff Oliveira would then work at the job site until 3:30 p.m. or 4:00 p.m., after which he would return to the company yard.

34.     Defendants, however, never paid Plaintiff Oliveira for his work in the yard, as well as his travel time.

35.     Plaintiff Oliveira also worked additional hours after Hurricane Sandy ravaged New York City.  From the end of October 2012 until the end of November 2012, Plaintiff Oliveira worked 12 hour shifts, alternating between six and seven days a week.

36.     During this time period, Plaintiff earned over $40 an hour.  However, Defendants paid Plaintiff Oliveira his regular rate in cash for his overtime hours.

37.     Plaintiff Oliveira also generally worked on Saturday.

38.     On Saturday, Plaintiff Oliveira began working in the yard at 7:00 a.m. and worked on the project until generally between 5:00 p.m. and 7:00 p.m.

39.     Two Saturdays a month Defendants paid Plaintiff Oliveira at an overtime rate of approximately $60.00 for his work only between 8:00 a.m. and the end of his work on the project.

40.     Defendants paid Plaintiff Oliveira during the other two Saturdays $40.00 an hour in cash for his work between 8:00 a.m. and the end of his work on the job site.

41.     Plaintiff Oliveira also regularly worked on Sunday.

42.     Plaintiff Oliveira worked same schedule as Saturday but Defendants generally paid him $50 an hour for this work in cash, although Defendants sometimes paid him by check.

43.     Defendants also permitted Plaintiff Oliveira to take a half-an-hour unpaid lunch break.

**B. <u>Plaintiff Espinoza's Schedule and Pay.</u>**

44.     Plaintiff Espinoza began working for Defendants in 2002 as a saw cutter, performing duties such as opening streets.

45.     Plaintiff Espinoza regularly worked 6 or 7 days a week.

46.     From Monday through Friday, Plaintiff Espinoza began work in Defendants' company yard at 6:00 a.m. to prepare tools and materials for the day.

47.     After completing his work in the yard, Plaintiff Espinoza would then drive the company vehicle to his first job site.

48.     Plaintiff Espinoza would work on between eight and ten projects a day.

49.     Plaintiff Espinoza regularly completed his work on the last site between 5:00 p.m. and 7:00 p.m., after which he would drive his vehicle back to the yard.

50.     Defendants did not pay Plaintiff Espinoza for the work performed between 6:00 a.m. and 7:00 a.m.

51.     Defendants also did not pay Plaintiff Espinoza at the proper prevailing wage and benefits rate until he joined Local 731 in 2012.

52.     Plaintiff Espinoza worked a similar schedule on Saturday and Sunday, except that he began work in the yard at 7:00 a.m. and was only paid for the work performed starting at 8:00 a.m. until he completed his work on the project site.

53.     For this work, Defendants paid Plaintiff Espinoza $50 an hour for his work between 7:30 a.m. and when he completed work on his last project.

54.     Plaintiff Espinoza was injured in July 2016 while working on the job site.

55.     Starting in July 2016, Plaintiff Espinoza began working between 4 and 5 days each week.

56.     Plaintiff Espinoza continued working the same daily schedule.

57.     Defendants also permitted Plaintiff Espinoza to take a half-an-hour unpaid lunch break.

### C.  Wage Violations Affecting Plaintiffs.

#### 1.  Straight Time and Overtime Violations

58.     Although Plaintiffs regularly worked more than 40 hours each week, Defendants did not pay them for all their overtime work, either at their regular rate or at an overtime premium of 150% of their regular rate.

59.     Defendants failed to pay Plaintiffs for each hour they worked.

#### 2.  Failure to Pay Plaintiffs The Proper Rate.

60.     Defendants regularly contracted with Consolidated Edison to perform work opening streets.

61.     Defendants failed to pay Plaintiffs proper wages and benefits as required by their contracts with Con Edison.

62.     The projects that Plaintiffs and other similarly situated employees worked required the "use or open[ing of] a street," and upon information and belief, contracts associated with these projects mandated that Defendants ensure compliance with all applicable laws, including, but not limited to, proper payment of regular and overtime wages.

63.     Plaintiffs and other similarly situated employees were intended third-party beneficiaries of these aforementioned contracts.

64.     Plaintiffs and other similarly situated employees were not paid the proper prevailing wage and benefit rates as required by New York State law.

65.     Plaintiffs and other similarly situated employees were not paid supplemental benefits as required by law.

66.     Pursuant to NYC Administrative Code § 19-142, wages paid to workers, laborers, and mechanics engaged in these projects shall not be paid less than the "prevailing scale of union wages," and Plaintiffs and other similarly situated employees were covered by and/or intended to benefit from the provisions of NYC Administrative Code § 19-142 with respect to their work on projects for which they provided labor, primarily stone setting.

67.     Upon information and belief, Defendants entered into contracts and subcontracts to perform work on projects requiring the "use or open[ing of] a street."

68.     Defendants performed contracts requiring such work.

69.     When Defendants entered into the aforementioned contracts to perform the work for which Plaintiffs and other similarly situated employees provided labor, Defendants were required, under the relevant law and/or contracts, to pay their employees, including Plaintiffs and others similarly situated, a "prevailing rate of wage" and "supplemental benefits" that were specified in such contracts or was incorporated by reference into such contracts.

70.     Plaintiffs and other similarly situated employees were intended third-party beneficiaries of these aforementioned contracts.

71.     When working on these projects, Plaintiffs and other similarly situated employees were not paid the prevailing wages and supplemental benefits as required by the contracts between Defendants and Con Edison.

### 3.  Notice and Recordkeeping Violations

72.     Defendants failed to provide Plaintiffs with a proper wage statement for each week worked in compliance with NYLL § 195.

73.     Defendants did not provide Plaintiffs with a wage statement specifying the regular and overtime hours they actually worked.

74.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### 4.  Tortious Interference with At-Will Employment by Plaintiff Oliveira.

75.     On July 8, 2016, Defendants terminated Plaintiff Oliveira under the false pretense that Plaintiff Oliveira had stolen money from Defendants.

76.     Immediately after terminating Plaintiff Oliveira's employment, Defendants began a campaign to prevent Plaintiff Oliveira from obtaining new employment.

77.     Specifically, Defendants began maliciously spreading false rumors to prospective employers alleging that Plaintiff Oliveira had stolen cash from Defendants.

78.     One prospective employer was prepared to offer Plaintiff Oliveira employment but later advised Plaintiff Oliveira that Plaintiff Oliveira needed to speak to Defendant Ali if he wanted to get a job.  The implication was that Defendant Ali had told the prospective employer not to hire Plaintiff Oliveira.

79.     The purpose of spreading these rumors was to deprive Plaintiff Oliveira of employment.

80.     As a result of these rumors, prospective employers have declined to hire Plaintiffs.

81.     Plaintiff Oliveira regularly received consideration or job offers but after the prospective employer discussed Plaintiff Oliveira with Defendants, the prospective employers withdrew the offer.

82.     Due to Defendants' conduct, Plaintiff Oliveira has been unable to obtain employment.

**II.     Collective Action Allegations.**

83.     Defendants' failure to comply with the FLSA extended beyond the Plaintiffs to all other similarly situated employees insofar as Defendants had a policy to pay their employees at their regular rate for the hours they worked in excess of 40.

84.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated current and former non-exempt employees of Defendants pursuant to 29 U.S.C. § 216(b).

85.     The consent to sue forms for the Plaintiffs are attached hereto as **Exhibit 1**.

86.     Upon information and belief, there are at least 100 current and former employees who have been denied proper overtime wage compensation while working for Defendants.

87.     At all relevant times, Plaintiffs and others who are and/or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of

forty (40) per workweek.  The claims of Plaintiffs stated herein are similar to those of the other employees.

88.     In bringing this action, Plaintiffs are representative of and are acting on behalf of the interests of other current and former non-exempt employees who have worked for Defendants within the last three (3) years.

## CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P.23(b)(3) FOR VIOLATIONS OF THE NYLL

89.     Plaintiffs bring this action on behalf of themselves and all other non-exempt persons who were or are employed by the Defendants but who did not receive compensation required by the NYLL in respect to their work for the Defendants.

90.     Upon information and belief, this class of persons consists of not less than 150 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

91.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiffs by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

92.     The claims of Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

93.     Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

94.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

95.     Plaintiffs bring the second through fifth claims for relief herein on behalf of themselves and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.23, in respect to all claims that Plaintiffs and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the NYLL.

## FIRST CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA against all Defendants)

96.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

97.     Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

98.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiffs and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

99.     Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL against all Defendants)

100.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

101.    New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

102.    Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiffs and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

103.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (NYLL Failure to Notify against all Defendants)

104.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105.    Defendants failed to provide Plaintiffs and other similarly situated employees with a proper paystub in accordance with §195 of the NYLL.

106.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (NYLL Failure to Pay Straight Time as to all Plaintiffs)

107.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108.   At all relevant times hereto, pursuant to NYLL § 190 *et. seq.* Defendants were obligated to pay Plaintiffs and others similarly situated an hourly rate for each hour they worked and not to divert or withhold any portion of their wages.

109.   Defendants failed to pay Plaintiffs and others similarly situated their hourly rate for each hour they worked.

110.   As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL §§ 663 and 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (Third Party Beneficiary Claim for Prevailing Wages and Supplements Against All Defendants by Plaintiffs)

111.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112.   The projects that Plaintiffs and other similarly situated employees worked on required the "use or open[ing of] a street," and upon information and belief, contracts associated with these projects mandated that Defendants pay workers the "prevailing rate of wages" and supplemental benefits.

113. Plaintiffs and other similarly situated employees were persons covered by, or the intended third-party beneficiaries of, the contracts entered into by Defendants with Con Edison.

114. In accordance with the terms and conditions of these contracts with Con Edison and NYC Administrative Code § 19-142, Plaintiffs and all other similarly situated employees should have been paid the prevailing wage and prevailing wage supplements for the work and labor Plaintiffs and all other similarly situated employees supplied in connection with, and in furtherance of, the work contemplated by such contracts.

115. Defendants knowingly and willfully failed or refused to pay Plaintiffs and all other similarly situated employees the prevailing wage and prevailing supplements for all regular and overtime hours of work in connection with the execution of Defendants' contracts with Con Edison.

116. Defendants' failure or refusal to pay Plaintiffs and all other similarly situated employees the prevailing wage and prevailing wage supplements constituted a material breach of the contracts with Con Edison.

117. Plaintiffs and all other similarly situated employees did not receive the monies they were due as beneficiaries of the contracts entered into by Defendants, which provided for the payment of prevailing wages and benefits, and as a result, seek a judgment for damages based upon an accounting of the amount of monies Plaintiffs and other similarly situated employees were paid and the amount Plaintiffs and other similarly situated employees should have been paid in prevailing wages and benefits, together with an award of interest, costs, disbursements, and attorneys' fees, as allowed by the relevant statues, and such other relief as the Court deems proper.

## SIXTH CLAIM FOR RELIEF
**(Common Law Tortious Interference with Prospective Business Opportunities by Plaintiff Oliveira Against all Defendants)**

118.    Plaintiff Oliveira repeats and realleges all paragraphs above as though fully set forth herein.

119.    Plaintiff Oliveira applied for numerous jobs after Defendants terminated his employment.

120.    Upon information and belief, Defendants were aware of these interviews.

121.    Upon information and belief, Defendants intentionally interfered with these business opportunities by knowingly making false allegations to the prospective employers accusing Plaintiff Oliveira of stealing.

122.    As a direct result of Defendants' intentional interference, Plaintiff Oliveira was prevented from obtaining these business opportunities.

123.    Defendants' knowing misrepresentations were wrongful and Defendants' sole motivation for engaging in said wrongful conduct was to inflict harm upon Plaintiff Oliveira by preventing him from obtaining business opportunities.

124.    Plaintiff Oliveira suffered damage as a result of Defendants' tortious interference including, but not limited to, loss of earnings.

125.    That by virtue of the interference with prospective business by Defendants, Plaintiff Oliveira has been damaged and seeks recovery for lost earnings, prejudgment interest, costs, disbursements, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiffs would have received but for the discriminatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

F. Plaintiffs' costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: March 17, 2017
     New York, New York

Respectfully submitted,

Michael Taubenfeld (MT-4640)
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001

Alan Serrins (AS-4739)
SERRINS & ASSOCIATES LLC
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 384-0202
Facsimile: (212) 233-3801
*ATTORNEYS FOR PLAINTIFFS*

Exhibit 1

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I, Fernando Oliveira, am an individual who was employed by Vali Industries and related entities.

I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms

of the Professional Services Agreement signed by me in this case.

_____
SIGNATURE

3/13/2017
_____
DATE

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

Yo, Christian Espinoza, fui empleado por Vali Industries.  Doy mi consentimiento para ser un demandante en una acción para cobrar los salarios pendientes de pago. Estoy de acuerdo que estoy obligado por los términos del Contrato de Servicios Profesionales firmada por mí en este caso.

_CRISTIAN ESPINOZA_
NOMBRE

_Christian J._
FIRMA

_03 / 06 / 2017._
FECHA

I, Christian Espinoza, am an individual who was employed by Vali Industries.  I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_/s/_
SIGNATURE

_3/6/17_
DATE

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Christian Espinoza.

_CYBILL ECHEGOYEN_